UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Singletary and Helen Singletary, | Civil Action 2:19-3394-BHH |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| U.S. Bank National Association as Trustee, as Trustee for Velocity Commercial Capital Loan Trust, and Mr. Cooper, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On February 12, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that this case be remanded back to state court for lack of jurisdiction. (ECF No. 18.) The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report. (*Id.* at 5.) Plaintiffs filed no objections and the time for doing so has expired.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court must make a *de novo* determination of those portions of the Report, or specified proposed findings or recommendations, to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify, in whole or in part, the Report or

1

may recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *De novo* review is also "unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiffs filed no objections and the time for doing so expired on March 2, 2020. In the absence of objections to the Magistrate Judge's Report, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, the Court must only satisfy itself that there is no clear error on the face of the record. *Diamond*, 416 F.3d at 315. For the reasons set forth in the Report, the Court lacks subject matter jurisdiction over this matter. As such, the Court finds that this case should be remanded to the Court of Common Pleas of Charleston County, South Carolina.

After a careful review of the record, the applicable law, and the Report, the Court finds that the Report evinces no error and the Magistrate Judge's recommendation is proper. Accordingly, the Report is adopted and incorporated herein by reference. This case is remanded to the Court of Common Pleas of Charleston County, South Carolina. The Clerk of Court is directed to forward the file along with a certified copy of this Order to the Clerk of Court for Charleston County.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 6, 2020
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.